IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **PEACH BLOSSOM DEVELOPMENT CO., INC.**,<br><br>    Plaintiff,<br><br>v.<br><br>**THE FEDERAL DEPOSIT INSURANCE CORPORATION** as receiver of **PIEDMONT COMMUNITY BANK; MICKEY PARKER**, President of Piedmont Community Bank; **DREW HULSEY**, CEO of Piedmont Community Bank; **STATE BANK & TRUST**, successor in interest to Piedmont Community Bank; **ROB BRASWELL** in his official capacity as Commissioner of the **GEORGIA DEPARTMENT OF BANKING AND FINANCE**; and **MOUNTAIN HERITAGE BANK**,<br><br>    Defendants. | Civil Action No. 5:12-CV-394 (HL) |

**ORDER**

This case is before the Court on the Motion to Dismiss of Rob Braswell in his Official Capacity as Commissioner of the Georgia Department of Banking and Finance (Doc. 5). Plaintiff did not respond to the motion.

Defendant Braswell argues that the claims against him must be dismissed because he is immune from suit in his official capacity under the Eleventh Amendment. The Court agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment immunity extends to state agencies and departments, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), as well as any state official sued for damages in his official capacity, Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994).

As a state official, Braswell is protected by the Eleventh Amendment against Plaintiff's claims for damages against him.[1] Defendant Braswell's Motion to Dismiss (Doc. 5) is granted.

**SO ORDERED**, this the 11th day of March, 2013.

>   *s/ Hugh Lawson*
>   **HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] The immunity exception relating to prospective injunctive relief is inapplicable in this case, as Plaintiff seeks only monetary damages. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.2d 714 (1908).